Rosston, Hort & Brussel, New York City, for plaintiff Neisloss.

Randolph Phillips, plaintiff, pro se.

White & Case, New York City, for Alleghany Corp., David Hartfield, Jr., New York City, of counsel.

**Samuel R. ROSEN et al., Plaintiffs,**

v.

**ALLEGHANY CORPORATION, et another, Defendants.**

United States District Court
S. D. New York.

April 21, 1959.

SUGARMAN, District Judge.

On May 26, 1955 plaintiffs filed their complaint herein containing five counts. Presently involved are the third and fifth counts which are those seeking money damages.[1] Rosston, Hort & Brussel, Esqs. were named in the complaint as attorneys for plaintiffs Rosen, Neisloss and Sterling as common stockholders suing individually and also as attorneys for Phillips, Neisloss and Sterling suing as members of a "Protective Committee for the Common Stockholders of Alleghany Corporation"; Phillips as a common stockholder, suing individually, appeared *pro se*.

On January 26, 1958 the defendant Robert R. Young died. On February 6,

1. Judge Dimock painstakingly summarized the complaint in Rosen v. Alleghany Corporation, D.C.S.D.N.Y.1955, 133 F.Supp. 858. His analysis of the third and fifth counts appears at page 862 and his rul-

ing on defendants' motion to dismiss the third count at page 866. Apparently the fifth count was not involved in any of the motions then before him.

1958 Anita O'Keefe Young was appointed his executrix.

Nine months after Young's death and on October 28, 1958, pursuant to the then and present practice under General Rule 21 of this court, this cause, not having been noticed for trial, came on for review before Judge Cashin.

Movant Phillips now claims that he never received a card from the clerk notifying him of this review hearing or notice of the order made thereon. Assuming this to be so, notice of the hearing was duly published[2] and Phillips carefully avoids stating that he knew nothing of it or of its result. The suggestion is incredible that Phillips *pro se* learned nothing of the review hearing and conditional order made thereon from the attorneys who represented Phillips and others as members of the stockholders' protective committee.

On said October 28, 1958 Judge Cashin made an order requiring the plaintiffs to file a note of issue for trial within ninety days thereafter, upon failure of which the action would be dismissed without further notice. Thus the final date upon which the case was to be noticed for trial became January 26, 1959, exactly one year after defendant Young died.

On January 23, 1959 Rosston, Hort & Brussel, Esqs. moved as "Attorneys for Plaintiffs" for "an order extending plaintiffs' time to file a Note of Issue to and including February 27th, 1959." The motion was made returnable on January 28, 1959—two days after the ninety day grace period provided in Judge Cashin's order, had expired. The sole basis for the motion was that plaintiffs had not yet served an order obtained on January 20, 1959 and returnable on February 10, 1959 upon defendant Young's executrix, that she show cause why she should not be substituted for said deceased defendant Young.

I denied that motion because of plaintiffs' failure to make any attempt to substitute the executrix for a period of eleven and a half months after her appointment and particularly for having not commenced any proceeding which would have accomplished her substitution within the ninety day grace period allowed by Judge Cashin. I felt that plaintiffs had not shown good faith in allowing eighty-four days of the grace period to pass before procuring the order to show cause returnable fifteen days after the grace period was to expire.

The plaintiffs thus being in default of Judge Cashin's order I directed dismissal of their complaint as of course on January 30, 1959 and such judgment was entered on February 4, 1959.

Plaintiff Phillips, *pro se* and plaintiff Neisloss by Rosston, Hort & Brussel, Esqs. now seek vacatur of the judgment of dismissal as to them at least in so far as the third and fifth claims of their complaint seeking money damages are concerned.

As to the third claim they present nothing to show that they, as two of the three suing representatives of the stockholders' protective committee, allowed by Judge Dimock to remain in the case as such entity[3] and represented by Rosston, Hort & Brussel, Esqs. were not notified of the review hearing and conditional order of dismissal.

As to both the third and fifth claims the movants present nothing in support of this motion which was not before me on January 28, 1959. Their knowledge as members of the committee was their knowledge as individual plaintiffs.

The motion is denied. This is the order; no further order is necessary.

2. 140 New York Law Journal No. 83, p. 12.

3. Note 1 supra.